UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08042-SVW-SK | Date | 11/30/2020 |
|---|---|---|---|
| Title | *Yu-Ming Ni v. China Airlines, Ltd.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER SUA SPONTE REMANDING CASE TO STATE COURT

On March 23, 2020, Plaintiff Yu-Ming Ni filed this case in Los Angeles Superior Court. Dkt. 1-1. On September 2, 2020, Defendant China Airlines, Ltd. removed the case to this Court. Dkt. 1. Defendant's notice of removal invoked diversity jurisdiction. *Id.* ¶¶ 8-9. It asserts that Defendant is a citizen of a foreign state and that Plaintiff is a California citizen as alleged in his complaint. *Id.* Defendant alleged Plaintiff's citizenship "solely on th[e] basis" of Plaintiff's complaint and "does not waive any arguments as to Plaintiff's lawful residence." *Id.* ¶ 8 & n.1. Plaintiff did not move to remand the case.

On November 12, 2020, this Court issued an order to show cause why this case should not be remanded to state court. Dkt. 19. The Court noted that documents submitted in connection with the parties' motion to dismiss briefing suggested that Plaintiff is a citizen of Taiwan and not a citizen of California. *Id.* at 1. The Court observed that it would lack diversity jurisdiction if Plaintiff is a citizen of Taiwan. *Id.* at 1-2. The Court therefore directed Plaintiff to file a declaration addressing whether he is a California citizen for purposes of diversity jurisdiction. *Id.* In response, Plaintiff filed a declaration which addresses his citizenship only in the following sentence: "I am a citizen of Taiwan and not a California citizen." Supplemental Declaration of Yu-Ming Ni, Dkt. 20 ¶ 2.

This Court is "obligated to consider sua sponte whether [it] ha[s] jurisdiction." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (citation omitted). "[T]he district court must remand '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) (quoting 28 U.S.C. § 1447(c)).

:

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08042-SVW-SK | Date | 11/30/2020 |
|---|---|---|---|
| Title | *Yu-Ming Ni v. China Airlines, Ltd.* | | |

"[F]ederal removal jurisdiction on the basis of diversity … is determined (and must exist) as of the time the complaint is filed and removal is effected." *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

Federal courts lack diversity jurisdiction over cases between two citizens of foreign states *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994) (citations omitted) ("Although the federal courts have jurisdiction over an action between 'citizens of a State and citizens or subjects of a foreign state,' … diversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants.'"); *Xue Xin Liu v. Zhang Wei Zhi*, 2019 WL 5149856 (C.D. Cal. 2019) (dismissing for lack of diversity jurisdiction case involving one Canadian citizen plaintiff and one Canadian citizen defendant).

Here, Plaintiff was given an opportunity to provide evidence that he was a citizen of California at the time of removal and at the time the complaint was filed, Dkt. 10, as alleged in the notice of removal, Dkt. 1 ¶ 8. Plaintiff provided no such evidence, and instead conceded that he is a citizen of Taiwan for purposes of diversity jurisdiction. Dkt. 10 ¶ 2. Defendant admitted in its notice of removal that it had no other evidence of Plaintiff's California citizenship, as it alleged Plaintiff was a California citizen "solely on [the] basis" of Plaintiff's complaint. Dkt. 1 ¶ 8. The Court thus concludes that Plaintiff is a citizen of Taiwan for purposes of diversity jurisdiction.

Moreover, Defendant alleges in its notice of removal that it is "organized under the laws of Republic of China (Taiwan) and having its headquarters and principal place of business in Taiwan." Dkt. 1 ¶ 9. A corporation is a citizen "of every State by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), which is defined as "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination," *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). The Court thus concludes that Defendant is also a citizen of Taiwan for purposes of diversity jurisdiction.

Because Plaintiff and Defendant are both citizens of Taiwan, the Court lacks diversity jurisdiction under 28 U.S.C. § 1332(a). *See Nike, Inc.*, 20 F.3d at 991 (citations omitted). Therefore, as it must, the Court sua sponte remands the case to Los Angeles Superior Court. *See Smith* 761 F.3d at 1044 (citing 28 U.S.C. § 1447(c)).

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |